SMITH, Circuit Judge,
dissenting.
Because I believe the majority errs in failing to consider whether Rucci’s equal protection claim is ripe and in holding that abstention was proper in this case, I respectfully dissent.
This Court has repeatedly said that we must consider ripeness sua sponte. In Acierno v. Mitchell, 6 F.3d 970 (3d Cir. 1993), we considered whether a landowner’s equal protection claim was ripe even though the county, which had denied the landowner a permit, raised ripeness for the first time on appeal. We explained that, “[bjecause issues of ripeness involve, at least in part, the existence of a live ‘Case or Controversy,’ we ... must determine whether the issues are ripe for decision in the ‘Case or Controversy’ sense. Further, to the extent that questions of ripeness involve the exercise of judicial restraint from unnecessary decision of constitutional issues, the Court must determine whether to exercise that restraint.” Id. at 974 (quoting Blanchette v. Connecticut Gen. Ins. Corps., 419 U.S. 102, 138, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974)). Recently, in Lauderbaugh v. Hopewell Township, 319 F.3d 568 (3d Cir.2003), also an equal protection land-use case, we considered ripeness even though that issue was raised *579 by the Township for the first time on appeal. Id. at 574 (citing, inter alia, Felmeister v. Office of Attorney Ethics, 856 F.2d 529, 535 (3d Cir.1988) (Becker, J.) (“This Court has recognized that considerations of ripeness are sufficiently important that we are required to raise the issue sua sponte even though the parties do not.”)). See also Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir.2003) (Rosenn, J.) (“[Cjonsiderations of ripeness are sufficiently important that the court is required to raise the issue sua sponte even though the parties do not.”) (citation omitted).
Our landmark land-use decision in Taylor Investment, Ltd. v. Upper Darby Twp., 983 F.2d 1285 (3d Cir.1993), clarifies why we must consider ripeness sua sponte and why Rucci’s case is unripe. Taylor held that, “[u]ntil the Township has fully and finally considered how a specific landowner is treated under the zoning scheme, a federal court cannot determine whether the landowner has been dissimilarly treated nor whether such treatment is rationally related to a legitimate government purpose.” Id. at 1295. Citing Taylor, the District Court reasoned that Rucci’s equal protection claim was unripe because he failed to seek a “modification or waiver” from the Township. The District Court nevertheless considered the merits of that claim because Rucci alleged that further efforts to persuade the Township would have been futile. However, as Rucci conceded at oral argument before this Court, there is no futility exception to ripeness requirements in the Third Circuit. Because we consistently have said we “must” consider ripeness sua sponte, and because Taylor holds that without full and final consideration we “cannot” determine whether there has been an equal protection injury, I would hold Rucci’s equal protection claim non-justiciable.[9]
I believe the majority also errs in its abstention analysis. Under University of Maryland v. Peat Marwick Main & Co., 923 F.2d 265, 269-70 (3d Cir.1991), we review a district court’s decision to abstain for abuse of discretion. University of Maryland emphasized, however, that “a district court has little or no discretion to abstain in a case that does not meet traditional abstention requirements,” id. at 270-71, and whether a case “falls in the area within which the district court may exercise discretion is therefore a matter of law, reviewable on a plenary basis.” Id. at 271. I fail to see where the majority opinion conducts plenary review of the District Court’s initial categorization of this case. In my opinion, Rucci’s case falls short of traditional abstention requirements, and therefore the District Court abused its discretion in abstaining.
According to University of Maryland, Burford abstention is appropriate “where the ‘exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to matters of substantial public concern.’ ” Id. at 270 (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989)). Heritage Farms, Inc. v. Solebury Twp., 671 F.2d 743 (3d Cir.1982), emphasized that Pennsylvania’s land-use code does not implicate this central Burford concern. Id. at 747-48 (“[t]he Pennsylvania Municipalities Planning Code does not involve the *580 type of uniform and elaborate statewide regulation [at issue in Burford]. Furthermore, there is no danger that a federal court decision in this case will disrupt Pennsylvania’s policies or plans with respect to land use----”). Later, in Izzo v. Borough of River Edge, 843 F.2d 765 (3d Cir.1988), we stated that “[c]oncededly, a system of land use regulation may be of special interest to a state and municipality; however, the scheme at hand does not approach the complexity of the one under scrutiny under Burford."[10] In Gwynedd Properties, Inc. v. Lower Gwynedd Twp., 970 F.2d 1195 (3d Cir.1992), we explained that Heritage Farms and Izzo “admonish district courts not to dismiss claims merely because they may involve land use issues.” Id. at 1203. That seems a fair characterization of what the District Court did here. Unlike the majority, I do not believe the lack of a federal issue in the present case (assuming diversity jurisdiction itself does not constitute a federal interest) tips the scales in favor of abstention. Neither Heritage Farms nor Izzo suggests that the presence or absence of a federal issue is dispositive. As University of Maryland shows, the heart of the “traditional” Bur-ford inquiry — tracing its heritage back to Burford itself — is whether coherent state policy will be disrupted. Whether there is a federal interest in the case is ancillary to that question. Here, with the former, central question answered clearly in the negative, I find it insufficient to argue that a negative answer to the latter, auxiliary question sweeps this case into traditional Burford territory. Accordingly, I would hold that abstention by the District Court was error.
For the foregoing reasons, I respectfully dissent.

. At oral argument, Rucci for the first time alleged that he effectively sought a "modification or waiver” from the Township in his application, and therefore he received "full and final” consideration. The record suggests otherwise. Rucci’s application to the Township plainly argues that his subdivision plan meets the driveway ordinance requirements.

. The majority reasons, as did the District Court, that Rucci’s inverse condemnation claim implicates Pennsylvania's Eminent Domain Code, which it maintains erects "substantial and highly-developed” procedures for condemnation of property. But no such condemnation occurred here. Rucci's state claims are under the Municipalities Planning Code, discussed above, and under the Pennsylvania Constitution for inverse condemnation. Unlike a traditional condemnation, an inverse condemnation is an indirect, regulatory condemnation' — here allegedly effected by the Cranberry Township subdivision ordinance, not a statewide code.